UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  WANDA I. PEREZ-ARJONA | BANKRUPTCY CASE |
| **Debtor** | NO.: 18-12382 |
| **Wilmington Savings Fund Society** | CHAPTER 13 |
| **Movant** | |
| v. | |
| Wanda I. Perez-Arjona | |
| **Respondent** | |

## MOTION OF WILMINGTON SAVINGS FUND SOCIETY FOR RELIEF FROM THE AUTOMATIC STAY

Wilmington Savings Fund Society ("Movant"), by its attorneys, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, Peter E. Meltzer appearing, hereby moves for relief from the automatic stay.  Grounds for this motion are as follows:

1. This court has jurisdiction over this contested matter pursuant to the provisions of 28 U.S.C. Section 1334 and 157(b)(2)(G).

2. Movant files this motion pursuant to Bankruptcy Rules 9013 and 9014 and Section 362(d)(1) of the Bankruptcy Code.

3. On or about April 10, 2018, Debtor filed for protection under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania under Case No. 18-12382.

4. On or about March 26, 2008, Beneficial Bank made available to Debtor and Javier Arjona the principal sum of $344,000.00 with interest in accordance with the terms and conditions of a certain Promissory Note dated the same date executed by Debtor and Javier Arjona in favor of Beneficial Bank (the "Note").

5. In order to secure repayment of the obligations set forth in the Note, Debtor and Javier Arjona executed and delivered to Beneficial Bank a mortgage on certain real property located in Bensalem, Pennsylvania (the "Mortgage"). Said property is more particularly described as 2468 Elfreth's Alley, Bensalem, PA 19020 (the "Property"). The Mortgage was recorded on April 11, 2008 with the Bucks County Recorder of Deeds at Book 5761, Page 1680.

6. Movant is the holder of the Note and Mortgage as the successor in interest by merger with Beneficial Bank.

7. Both the Note and the Mortgage contain a provision that if any installments of principal or interest should remain unpaid after the same shall fall due, or in the case of a default of the payment of tax, water, sewer and assessments, or other governmental charges, after the same shall fall due, then, at the option of the mortgagee, all principal sums and all unpaid interest, advances made by the mortgagee, attorneys fees and costs of court may be declared immediately due and payable.

8. Debtor has only made a partial payment toward the January 1, 2019 payment and has failed to make the payments due on February 1, 2019 through May 1, 2019.

9. The Mortgage provides that upon default in payment of any sums due under the Note and Mortgage, the Movant may pursue foreclosure proceedings against the Property and may also recover all costs of collection and reasonable attorneys' fees pursuant to the mortgage foreclosure action or any other legal action taken by Movant against the Debtor.

10. As of the date hereof, Debtor is indebted to Movant under the loan documents in the amount of $15,416.38, consisting of 5 post-petition payment totaling $14,385.38 and

attorney's fees and costs associated with this Motion of $1,031.00.

11. Under Section 362(d)(1) of the Bankruptcy Code, the court has the authority to terminate or modify the automatic stay "for cause, including lack of adequate protection of an interest in property of such party in interest."

12. Given the Debtor's failure to make post-petition payments to Movant under the loan documents, cause exists to lift the automatic under Section 362(d)(1) of the Bankruptcy Code so that Movant may commence the exercise of its rights and remedies under the loan documents.

13. It is well established in Pennsylvania and elsewhere that a Debtor's failure to make post-petition mortgage payments in a Chapter 13 case can constitute cause to grant relief from the automatic stay. See, e.g., In re Keays, 36 B.R. 1016, 1017 (Bankr. E.D.Pa. 1984) and cases cited therein.

14. Section 1301 of the Bankruptcy Code provides for a stay of an action against a co-debtor. To the extent that the non-debtor parties referenced in paragraph 4 above are protected by the automatic stay, Section 1301(c)(3) allows for co-debtor stay relief because the creditor's interest would be irreparably harmed by the continuation of the stay. This condition exists in this case.

WHEREFORE, for all of the foregoing reasons, Movant requests that, pursuant to Section 362(d)(1) of the Bankruptcy Code, the automatic stay be terminated to permit Movant to exercise its proper rights and remedies under its loan documents with Debtor, schedule the sheriff's sale of the mortgaged premises, take legal title to the mortgaged premises, and that Movant be granted such other and further relief as may be just and equitable under the circumstances.

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

   /s/ Peter E. Meltzer
Peter E. Meltzer, Esquire
Weber Gallagher
2000 Market Street, 13th Floor
267-295-3363

Dated: May 9, 2019         Attorneys for Movant